# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re**

SANDERS GRAIN FARMS,
a general partnership,

**Debtor.**

**Bankruptcy Case
No. 06-40163-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> Brent T. Robinson, LING, ROBINSON & WALKER, Rupert, Idaho, Attorney for Debtor.

> Richard D. Greenwood, Twin Falls, Idaho, Attorney for Creditor Idaho Power.

> Janine P. Reynard, Boise, Idaho, Office of the U.S. Trustee.

> On March 15, 2007, over the objection of Debtor Sanders Grain

Farms, this Court confirmed the chapter 11 liquidation plan proposed in this case

by Idaho Power Company ("Creditor").

> On April 30, 2007, the Court conducted a hearing regarding

Creditor's application for approval and payment of attorney fees from the

MEMORANDUM OF DECISION - 1

bankruptcy estate in the amount of $18,567, and for $522.07 in costs, to its

attorney, Richard Greenwood, pursuant to §§ 503(b)(3)(D) and (b)(4).[1]  Docket

No. 206.  Debtor objected to Creditor's request arguing that Creditor has failed to

show it had made a "substantial contribution" in the case.  Docket No. 221.[2]

This Memorandum constitutes the Court's findings of fact, conclusions of

law.  Fed. R. Bankr. P. 7052; 9014.

### *Procedural History*

Debtor filed a voluntary petition under chapter 11 on May 10, 2006.

Docket No. 1.  On December 1, 2006, Debtor filed its Third Amended Plan.

Docket No. 123.  The Court approved Debtor's disclosure statement on December

4, 2006, and ordered that a confirmation hearing concerning Debtor's plan be held

on February 14, 2007.  Docket No. 125-126.

Meanwhile, on November 20, 2006, Creditor filed its proposed

chapter 11 plan.  Docket No. 116.  On January 4, 2007, an order approving

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy
Procedure, Rules 1001– 9036, as amended by the Bankruptcy Abuse Prevention and
Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20,
2005).

[2] The U.S. Trustee also objected to Creditor's application to the extent it sought
$300 as compensation for its counsel's services in preparing, filing and appearing at the
hearing concerning the application.  Docket No. 223.   However, given the disposition of
Creditor's application below, the Court need not resolve this objection at this time.

MEMORANDUM OF DECISION - 2

Creditor's amended disclosure statement was entered, which set Creditor's plan

for confirmation hearing on February 28, 2007. Docket No. 137.

At the February 14, 2007 confirmation hearing, Debtor informed the

Court its plan was not confirmable; confirmation was therefore denied at Debtor's

request. Docket No. 169. However, after a contested evidentiary hearing on

February 28, 2007, the Court entered confirmed Creditor's plan by order entered

on March 15, 2007. Docket No. 202.[3] On March 20, 2007, Creditor filed its

"Application for Compensation of Creditor's Counsel Under 11 U.S.C.

§ 503(b)(4)." Docket No. 206.

Creditor asserts that preparing, proposing and obtaining Court

approval of a disclosure statement and plan, constitutes a substantial contribution

to the bankruptcy case for purposes of § 503(b)(3)(D), such that it is entitled to

recovery of the attorneys fees and costs incurred in doing so under § 503(b)(4).

Debtor contends that Creditor has not shown it made a substantial

contribution to the case. In particular, Debtor notes that Creditor's plan calls for a

liquidation of Debtor's assets, and that it was through Debtor's preconfirmation

marketing and solicitation of purchasers that substantial portions of the real

---

[3] Debtor appealed the Court's order confirming Creditor's chapter 11 plan on
March 20, 2007 to the Bankruptcy Appellate Panel. Docket Nos. 208-209. However,
Debtor withdrew the appeal on April 16, 2007, Docket No. 218; the BAP issued its
mandate on April 18, 2007.

MEMORANDUM OF DECISION - 3

property were sold to fund the plan.  In effect, Debtor maintains that Creditor's efforts did not contribute "substantially enough" to the case to entitle Creditor to recover its fees and costs.[4]

### *Applicable Law*

"The burden of proving an entitlement to an administrative expense is on the claimant."  *In re Cent. Idaho Forest Prod.*, 04.4 I.B.C.R. 159, 161 (Bankr. D. Idaho 2004) (citing *Texas Comptroller v. Megafoods Stores, Inc.* (*In re Megafoods Stores, Inc.*), 163 F.3d 1063, 1071 (9th Cir. 1998)).  Although the Court does have broad discretion to grant administrative expense requests, "it is required to construe § 503(b) narrowly to keep costs to a minimum and preserve the limited assets of the bankruptcy estate for the benefit of unsecured creditors."  *Id.* (citing *Microsoft Corp. v. DAK Indus. Inc.* (*In re DAK Indus. Inc.*), 66 F.3d 1091, 1094 (9th Cir. 1995); *In re TSB, Inc.*, 302 B.R. 84, 87, 03.4 I.B.C.R. 220, 221 (Bankr. D. Idaho 2003)).

Section 503(b)(3)(D) provides for allowance of an administrative expense to "a creditor . . . in making a substantial contribution in a case under chapter . . .11 of this title[.]"  Section 503(b)(4), in turn, provides for allowance of an administrative expense for:

---

[4] Debtor does not challenge the reasonableness of the amount of compensation and expenses sought.

MEMORANDUM OF DECISION - 4

> reasonable compensation for professional services
> rendered by an attorney or an accountant of an entity
> whose expense is allowable under subparagraph (A),
> (B), (C), (D), or (E) of paragraph (3) of this
> subsection, based on the time, the nature, the extent,
> and the value of such services, and the cost of
> comparable services other than in a case under this
> title, and reimbursement for actual, necessary expenses
> incurred by such attorney or accountant[.]

Case law does not clearly define what sort of creditor conduct or activities constitute a "substantial contribution to a case" that would support an award of fees and costs to a creditor as an administrative expense.  The Ninth Circuit has observed that "the principle test of substantial contribution is 'the extent of benefit to the estate.'"  *Cellular 101, Inc. v. Channel Commc'n, Inc.* (*In re Cellular 101, Inc.*), 377 F.3d 1092, 1096 (9th Cir. 2004) (quoting *Christian Life Ctr. Litig. Def. Comm. v. Silva* (*In re Christian Life Ctr.*), 821 F.2d 1370, 1373 (9th Cir. 1987); and *Pierson & Gaylen v. Creel & Atwood* (*In re Consol. Bancshares, Inc.*), 785 F.2d 1249, 1253 (5th Cir. 1986) (reaffirming that "services which substantially contribute to a case are those which foster and enhance, rather than retard or interrupt the progress of reorganization")).  "[A] creditor need not provide the funds used in the reorganization in order to 'substantially contribute' to the plan." *Id.* at 1097 (citing S. Rep. No. 95-598, at 66–67 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5852–53).

MEMORANDUM OF DECISION - 5

However, an issue that the Ninth Circuit has not specifically addressed is whether the court should consider proposing a plan which promotes the creditor's self-interests as a factor in determining if the creditor has made a substantial contribution to the case.  In *Cellular 101*, it noted:

> There appears to be a conflict among the circuits as to whether a creditor's self-interest is important to the § 503(b) analysis. Compare, *Speights & Runyan v. Celotex Corp.* (*In re Celotex Corp.*), 227 F.3d 1336, 1338 (11th Cir. 2000) ("Examining a creditor's intent unnecessarily complicates the analysis of whether a contribution of considerable value or worth has been made."); and *Hall Fin. Group v. DP Partners, Ltd. P'ship* (*In re DP Partners Ltd. P'ship.*), 106 F.3d 667, 673 (5th Cir. 1997) (holding that "a creditor's motive in taking actions that benefit the estate has little relevance in the determination whether the creditor has incurred actual and necessary expenses in making a substantial contribution to a case."), *cert. denied*, 522 U.S. 815, 118 S.Ct. 63, 139 L.Ed.2d 26 (1997); with *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (holding that "'substantial contribution' should be applied in a manner that excludes reimbursement in connection with activities of creditors ... which are designed primarily to serve their own interests."); and *Haskins v. United States* (*In re Lister*), 846 F.2d 55, 57 (10th Cir. 1988) ("Efforts undertaken by a creditor solely to further his own self-interest ... will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate.").

377 F.3d at 1097.    However, the court declined to choose between the competing rationales because "we need not decide whether a creditor's motivation may ever

MEMORANDUM OF DECISION - 6

be relevant or dispositive in order to resolve this case [because] [a]ny concern we have about evidence that [the creditors] benefitted from their own efforts is outweighed by the extent of the benefit those efforts conferred on the estate." *Id.* (citation omitted).

To determine when a substantial contribution to a case has been made, the bankruptcy court should, at a minimum:

> weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions. Benefits flowing to only a portion of the estate or to limited classes of creditors are necessarily diminished in weight. Finally, to aid the district and appellate courts in the review process, bankruptcy judges should make specific and detailed findings on the substantial contribution issue.

*In re DP Partners Ltd. P'ship.*, 106 F.3d at 673.

### *Disposition*

In this case, the parties presented the Court with no evidentiary record beyond its own file from which to make factual findings regarding the benefit to the estate of Creditor's actions. In argument by counsel (which, of course, does not constitute evidence), Creditor asserted that confirming a plan is *per se* a benefit to the estate. However, Creditor offers no case law, nor can the

MEMORANDUM OF DECISION - 7

Court locate authority, to support such a conclusion.  While proposing and confirming a plan would seem likely to benefit the estate because it "foster[s] and enhance[s] . . . the progress of reorganization," *In re Consol. Bancshares, Inc.*, 785 F.2d at 1253, Debtor argues that were it not for Debtor's actions in locating a buyer to purchase the real property resulting in sales which Creditor's plan adopted, there would be no substantial benefit flowing from the confirmed plan. But without a proper record, the Court cannot resolve whether this assertion is correct, nor otherwise determine whether Creditor's contribution in this case was indeed a substantial one.

MEMORANDUM OF DECISION - 8

### *Conclusion*

If the issues are not resolved by the parties, Creditor shall promptly

schedule its application for an evidentiary hearing.[5]  Failing to do so, the Court

will order that the application be denied.

Dated: May 7, 2007

_____

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] The U.S. Trustee's objection regarding the reimbursement of fees incurred in preparing and attending the hearing on the fee application will be addressed if the Court awards fees and costs.

MEMORANDUM OF DECISION - 9